**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| Robin Mitchell,<br><br>                 Plaintiff,<br>    v.<br><br>Credit One Financial d/b/a Credit One Bank;<br>and DOES 1-10, inclusive,<br><br>              Defendants. | : <br> : <br> : Civil Action No.:  4:13-cv-40135<br> : <br> : <br> : <br> : **COMPLAINT**<br> : **JURY TRIAL DEMANDED**<br> : <br> : <br> : |

For this Complaint, the Plaintiff, Robin Mitchell, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Robin Mitchell ("Plaintiff"), is an adult individual residing in Webster, Massachusetts, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Defendant Credit One Financial d/b/a Credit One Bank ("Credit"), is a Nevada business entity with an address of 585 Pilot Road, Las Vegas, Nevada 89119, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6.      Within the last four years, Credit contacted the Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

7.      During all times mentioned herein, Credit called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial message on a cellular telephone.

8.      When Plaintiff answered calls from Credit, a prerecorded message would begin to play instructing Plaintiff to stay on the line until she could be connected to a live representative.

9.      During several communications, after Plaintiff had been connected to a live representative, she instructed Credit to cease all calls to her cellular telephone.

10.     Despite Plaintiff's repeated demands to cease calls to her, Credit continued to harass Plaintiff with ATDS calls to her cellular telephone in an attempt to collect.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

11.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.     At all times mentioned herein and within the last four years, Credit called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial voice.

13.     Plaintiff revoked her consent to be contacted by Credit on her cellular telephone by her repeated demands to cease calling her cellular telephone.

14.     Credit continued to place automated calls to Plaintiff's cellular telephone knowing there was no consent to continue the calls.  As such, each call placed to Plaintiff was made in

2

knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15.     The telephone number called by Credit was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16.     The calls from Credit to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17.     Each of the aforementioned calls made by Credit constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, et. seq.

18.     As a result of each of Credit's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19.     As a result of each of Credit's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

20.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

22.     Massachusetts further recognizes the Plaintiff's right to be free from invasions of privacy, thus Credit violated Massachusetts state law.

23.     Credit intentionally intruded upon Plaintiff's right to privacy by continually harassing the Plaintiff with collection calls after she had revoked her consent to be contacted on her cellular phone.

24.     The telephone calls made by Credit to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

25.     The conduct of Credit in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

26.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from Credit.

27.     All acts of Credit and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

1.  Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2.  Intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

3.  Punitive damages; and

4.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: November 15, 2013

Respectfully submitted,

By ___/s/ Sergei Lemberg_____

Sergei Lemberg (BBO# 650671)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff